The opinion of the court was delivered by
Mare, J.
Thomas W. Bothiok obtained a judgment against the Society Temine Dereche, a corporation established by act under private signature, recorded in the mortgage office twenty-seventh November,. 1857, as alleged in the petition. On this judgment execution issued, which was returned by the sheriff “ no money or property found,” after demand made of defendant and of plaintiff. Thereupon this, suit was brought to have the forfeiture of the charter declared; and to have the affairs of the corporation liquidated, as provided by section 688 of the Revised Statutes, which is but the re-enactment of section six of act No, 131 of 1855, p. 184.
Plaintiff also prayed for and obtained a rule nisi, on affidavit, to show cause why the assets, rights, credits, claims, etc., belonging to the society, of whatsoever nature, should not be judicially sequestered during the pendency of this suit, and why a receiver or judicial sequestrator should not be appointed to take charge of the same.
There was no answer or other pleading on the part of defendant. The rule was tried, however; and the result was a judgment discharging-it, and dismissing the suit, for reasons orally assigned. Plaintiff appealed from this judgment; and he has filed a brief. Defendant has filed no brief; and the case was submitted without oral argument.
The Legislature of 1855-passed several acts relative to corporations, *64 which were re-enacted in the Revised Statutes. Act No. 131 is entitled “An act for the organization of corporations for works of public improvement and utilityand section six of this act, which is section 688 of the Revised Statutes, provides “that they,” that is, corporations organized under this act, “shall forfeit their charter for insolvency, evidenced by a return of no property found on execution ; and in such case it shall be the duty of the district court, at the instance of any creditor, to decree such forfeiture and to appoint a commissioner for effecting the liquidation, whose duty it shall be to convert all the assets of the company, including any unpaid balances due by stockholders on their shares, into cash, and to distribute the same under the direction of the court among the parties entitled thereto, in the same manner, as near as may be, as is done in cases of insolvency of individuals.” This is the law under which plaintiff proceeded.
The succeeding act, No. 132, is entitled “ An act for the organization of corporations for literary, scientific, religious, and charitable purposes.” This act contains no provision for the forced liquidation of corporations organized under it. The title of act No. 132 is the heading of the first division of the title “ Corporations,” in the Revised Statutes; and the heading of the second division is, “ Organization of Corporations for Works of Public Improvement, and for other purposes.” It is in this division, under this heading, that section 688 is found.
The Legislature of 1855 passed another act, No. 341, p. 485, entitled “ An act to regulate corporations generally.” This act is re-enacted in the Revised Statutes; and it is found under the division of the title “ Corporations ” the heading of which is “ Corporations generally.” Section seven of the act is section 731 of the Revised Statutes; and it is as follows:
“Whenever the charter of any corporation in this State shall be decreed forfeited by any competent court, the district attorney of the district shall forthwith inform the Governor of the fact, who shall thereupon appoint a liquidator to take charge of and liquidate the affairs of the corporation, as in case of insolvencies of individuals. In case of death * * * the Governor shall fill the vacancy * * * This section shall not apply to banking or other corporations whose liquidation is otherwise provided for by law.”
The charter of this company was not offered in evidence; nor is there any thing in the pleading which indicates the purposes for which the corporation was organized. It may have been for some literary, or scientific, or religious, or charitable purpose, and in that event it would not be subject to the provisions of section six of act 131, of 1855, section 688 of the Revised Statutes, because that law relates to corporations for works of public improvement and utility, not to corporations organ *65 ized for literary, scientific, religious, and charitable purposes, as authorized by act No. 132 of 1855. - .
If the purposes of this corporation were such that it is ndt subject to section 688 of the Revised Statutes, and the law has not otherwise provided for its liquidation, it maybe subject to section seven-of the act No. 341 of 1855, section 731 of the Revised Statutes. • • • ,
Nothing was before the court except the question raised by the rule nisi, taken on the corporation, to show cause why its assets should not be judicially sequestrated, and why a receiver should not'be appointed.
We do not think the allegations in the petition authorized the court either to order the judicial sequestration, or to appoint a receiver;'but we think the plaintiff had the right to have the petition put.at '¡issue, and to bring his ease within the law under which he proceeded, by proof, if he could do so. If the corporation should be proven to be such as is subject to the forced liquidation provided for in section 688, Revised Statutes, it would be the duty of the court to appoint a commissioner to effect the liquidation; and this commissioner would, necessarily, have the custody of the property and effects of the corporation.
The judgment appealed from was correct in discharging the rule, because there was nothing before the court to authorize the sequestration or the appointment of a receiver. It was erroneous in dismissing plaintiff’s suit. ‘
It is therefore ordered, adjudged, and decreed that the judgment of the district court in so far as it discharged the rule ; be affirmed that in all other respects it be annulled, avoided, and reversed; and that the cause be remanded for further proceedings according to law, the appellee paying the costs of the appeal; the costs in the district court to abide the final result.